No. 25,455.

THE STATE OF KANSAS, *Appellee,* v. DR. E. T. JOHNSON, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*Intoxicating Liquor, Possession of Which is a Crime, Taken from Defendant by Police Officers Acting Without Semblance of Authority, Admissible in Evidence in Criminal Prosecution Against Possessor Under Liquor Law.* Intoxicating liquor, possession of which is a crime, taken from a traveler's handbag following his alighting from a train on completion of an interstate journey, by a police officer acting without semblance of lawful authority to search or seize, may be introduced in evidence in a criminal prosecution of the possessor for transporting liquor into the state and having liquor in his possession, although he made timely application to the court for return of the liquor.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 10, 1924. Affirmed.

*W. W. Brown,* and *Alfred G. Armstrong,* both of Parsons, for the appellant.

*Charles B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *Charles H. Cory,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of transporting liquor into the state and of having liquor in his possession, and appeals.

The defendant's right to be secure from unreasonable search or seizure was flagrantly violated, and intoxicating liquor found in his traveling bag soon after he alighted from a train on completion of an interstate journey, was introduced in evidence against him. The

details of the occúrrence and the measures taken by defendant to protect himself, from the time he was approached by the officer at the railroad station, until his motions for new trial and in arrest of judgment were denied, need not be recited. The case was advanced for consideration with the case of *The State v. Johnson,* ante, p. 58, and the decision in that case controls decision of this one.

Some assignments òf error not involvïng the constitutional question have been considered, and are without substantial merit.

The judgment of the district court is affirmed.

HARVEY, J., dissents, for reasons stated in the dissenting opinion in the case of *The State v. Johnson,* ante, p. 66.